**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**DUBLIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR: 326-003** |
| | ) | |
| **RECARDO HALL** | ) | |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS, AND ACTS PURSUANT TO RULE 404(b)**

Pursuant to Fed.R.Evid. 404(b) and Local Rule 16B(b)(2), the government hereby provides notice that it intends to offer into evidence at the trial of the Defendant, other crimes, wrongs and acts through Fed.R.Evid. 404(b) as follows:

1) On or about June 24, 2025, Defendant was convicted of criminal use of an article with an altered identification mark and possession of a firearm by a convicted felon in the Superior Court of Laurens County, Georgia (Case No. 23-FE-0188-DG). Said offense occurred on or about April 3, 2020. Defendant received a five year probated sentence. A copy of the conviction was provided to Defendant in discovery.

2) On or about June 7, 2024, Defendant was arrested in Dublin, Laurens County, Georgia for the offense of possession of a firearm by a convicted felon by the Dublin Police Department. (Case No. 240617421). The case is unindicted as of the filing of this notice. A copy of the incident report was provided to Defendant prior to filing of this notice.

In addition, the production to the Defendant in discovery of any other evidence of prior wrongs, crimes, or acts should be taken by the Defendant as an

announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Fed. R. Evid. 404(b), the Defendant should consider that the government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. In other words, the provision of any information by the government in discovery, to the extent that such information could be admitted at trial under the aegis of Fed. R. Evid. 404(b), should be considered notice to the Defendant of the government's intention to use such Rule 404(b) evidence. Should Defendant wish to bar the introduction in the government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought *in limine*, or a stipulation obtained from the government.

## MEMORANDUM OF LAW

Defendant is charged with Possession of a Firearm by a Prohibited Person. Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the accused to show conformity therewith. Evidence, however, which proves intent, preparation, plan, knowledge, identity, or absence of mistake or accident may be admissible in certain circumstances.

The government seeks to introduce this evidence for the purposes of proving the Defendant’s intent, knowledge, and absence of mistake or accident.

The three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b) is:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Brooks, 426 F. App'x 878, 881 (11th Cir. 2011).

Extrinsic evidence is relevant to show intent if the state of mind required for the charged and extrinsic offenses is the same. United States v. Butler, 737 F. App'x 518 (11th Cir. 2018). A defendant's prior knowing possession of a gun logically bears on his knowing possession of a gun in the charged offense, and not because of accident or mistake. United States v. Jernigan, 341. F. 3d 1273, 1281-82 (11th Cir. 2003). Here, Defendant has pled not guilty, placing his intent squarely at issue. Therefore, the evidence is admissible for the proper purposes of proving Defendant's intent, knowledge, and absence of mistake or accident.

There is sufficient proof of the extrinsic act if a jury could find by a preponderance of the evidence that the defendant committed the act. Butler, 737 F. App'x at 518. The courts have held that a conviction is sufficient proof that the defendant committed the prior act. Jernigan, 341 F. 3d at 1282. Here, the government intends to submit certified copies of the aforementioned convictions.

To determine whether the evidence is more probative than prejudicial, a district court must engage in a commonsense assessment of all the circumstances

surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness. Butler, 737 F. App'x at 881. A prior crime need not be very recent, especially where a substantial portion of the gap in time occurred while the defendant was incarcerated. United States v. Sterling, 738 F. 3d 228, 238 (11th Cir. 2013). Here, the government submits that the extrinsic offenses and the charged offense are similar, as all involve the possession of firearms. All extrinsic and charged acts occurred within a reasonable period of time in relation to this offense.

The government submits, based on the foregoing, that the need for the extrinsic evidence described above is substantial, and that it is more probative than prejudicial.

WHEREFORE, the government avers that the extrinsic acts described in this notice are admissible pursuant to Fed. R. Evid. 404(b).

Respectfully submitted, this 1st day of June, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Joshua Kyle Davis***
Joshua Kyle Davis
Assistant United States Attorney
Georgia Bar No. 575970
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4537
E: kyle.davis2@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 1st day of June, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

***/s/ Joshua Kyle Davis***

Joshua Kyle Davis
Assistant United States Attorney
Georgia Bar No. 575970
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4537
E: kyle.davis2@usdoj.gov